### Nichols et al. v. Jones et al.

1. Pleadings in Civil Actions — Waiving Defects Therein.— Where the complaint is verified by one of plaintiffs' attorneys, but no reason why it is not verified by the parties is stated, as required by the Civil Code, such defect is waived when defendants make no objection to the verification in the court below, and file an answer

duly verified, as to some of the defenses, and not verified as to
others.

2. PRACTICE — STRIKING OUT UNVERIFIED PORTIONS OF ANSWER.—
Where the answer contains several defenses, some of which are
verified and others not, it is not error to strike out the unverified
portion of the answer, with leave to defendants to further answer
as to such portion if they should so desire.

3. SAME — WHEN A DEFENSE MAY BE TREATED AS INSUFFICIENT.—
Where a defense set up in the answer is ordered stricken out, which
by some error is not done, and the court afterwards correctly
treats the defense as insufficient to raise an issue, defendants can-
not complain.

## Appeal from District Court of Gunnison County.

THE transcript of record does not contain the original
complaint filed in the district court. By the amended
complaint, A. E. Jones and W. J. King, partners doing
business under the firm name and style of Jones & King,
were made parties plaintiff, and Ira Nichols and H. N.
Nichols and S. L. Townsend, partners under the firm
name and style of Nichols, Townsend & Co., defendants.
This pleading contains twenty-six counts. In the first
count the copartnership of the defendants is duly alleged.
In this count the sale and delivery of goods, wares and
merchandise to the value of $217.85, by plaintiffs to de-
fendants, at the latter's special instance and request, is
charged. The remaining counts are all based upon claims
against the defendants in favor of third parties, duly as-
signed to plaintiffs. Some of these assigned claims are
for goods, wares and merchandise sold the defendants;
others for work and labor performed at the special in-
stance and request of the defendants; and still others
are based upon certain due-bills alleged to have been
given by defendants to various persons for labor per-
formed, etc. The verification to the complaint was made
by Dexter T. Sapp, one of the attorneys for plaintiffs in
the cause, the affidavit showing that the facts alleged in
the pleading were within his knowledge.

The defendant Townsend made default. In the an-

swer filed by the other defendants the allegation of part-
nership above set out is not controverted, but all other
allegations of the complaint are denied. That portion
of said answer which was in response to the fourth,
seventh, eighth and ninth causes of action in the com-
plaint was duly verified. As to the remaining counts in
the said amended complaint, the answer was not verified.
After this answer was filed, plaintiffs moved to strike
out the portions of said answer which were not verified.
After argument of counsel, the court sustained said mo-
tion, and struck out all that portion of said answer that
has reference to the first, second, fifth, eighth and tenth
to twenty-seventh causes of action · in plaintiffs' com-
plaint. The above order gave the defendants time in
which to further answer said causes of action, if they so
desired. The defendants having failed to answer in ac-
cordance with said order, default was afterwards taken
against them upon all counts unanswered, and also upon
the third cause of action, to which an unverified answer
remained upon file. A jury being expressly waived by
the parties, the cause was tried to the court. Upon such
trial the court found the issues upon the fourth, seventh,
eighth and ninth causes of action in favor of plaintiffs,
and gave judgment accordingly. Upon the remaining
counts in the complaint, the court rendered judgment in
accordance with the prayer of the complaint, to which
findings and judgment the defendants Ira Nichols and
H. N. Nichols, having duly excepted, bring the case here
upon appeal.

Messrs. GULLETT & BARNES and H. L. KARR, for ap-
pellants.

MR. JUSTICE HAYT delivered the opinion of the court.

The first six assignments of error relate to the striking
out of certain portions of the defendants' answer for the
reason that the same was unverified, and the entry of

judgment upon a certain cause of action by default.   The
action of the court was based upon the assumption that
the complaint was properly verified, hence requiring a
sworn answer thereto.

It is now contended that the verification to the com-
plaint was defective, in that the reasons why it was made
by the attorney, and not by one of the parties to the ac-
tion, were not stated therein as required by the Civil
Code.   If such verification was defective in the particu-
lar mentioned, we think such defect was waived by the
subsequent conduct of the defendants, as, instead of ob-
jecting to the form of the affidavit by motion or other-
wise in the court below, they filed an answer, duly
verified as to certain defenses, and not verified as to
others.   The verification was equally applicable to all
portions of the complaint, and the defendants ought not
to be permitted to treat it as sufficient for some counts
in the complaint and insufficient as to others.

Under the circumstances, we think there was no error
in requiring the defendants to verify each defense relied
upon, and the order striking out the unverified portion
of the answer was fully warranted.   In such order ample
time was given the defendants in which to plead to the
causes of action remaining unanswered as the result of
sustaining the motion to strike out, and we cannot doubt
that properly verified answers would have been filed
within the time if the defendants desired a trial upon the
merits.

The record does not affirmatively show that the defense
to plaintiffs' third cause of action was stricken out,
although such defense was unverified, and was embraced
in defendants' motion to strike out.   The same being di-
rected to all that portion of the pleading that was "sub-
sequent to the jurat," and this defense appearing in the
pleading after the jurat, it should have been stricken out
in response to such motion.   And the court appears to have
treated it thereafter as though this had been done, by

entering judgment by default upon the cause of action to which such defense was interposed. The failure to have the order of the court show the ruling in reference to such defense perhaps resulted from a clerical error. Be this as it may, however, the action of the court thereafter, in treating such defense as insufficient to raise any issue, and entering judgment by default upon said cause of action, only accomplished the same result in a different way, and this, under the circumstances, in no way prejudiced the defendants; hence they are not in a position to complain thereat. *Drum v. Whiting*, 9 Cal. 422.

The remaining assignments of error relate to the admission of certain testimony, the findings of the court, and the judgment against the defendants. We think the rulings of the court in reference to the admissibility of the evidence objected to were correct. The evidence introduced on behalf of the plaintiffs is clearly sufficient to support the findings of the court in their favor. No evidence having been offered by the defendants, these findings cannot be disturbed. The judgment is accordingly affirmed.

*Affirmed.*